IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-313 JRN |
| | § | |
| ROBERT EARL HILL | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on November 5, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On June 10, 2005, Robert Earl hill was sentenced by United States District Judge Patricia Minaldi of the Western District of Louisiana to 48 months imprisonment, followed by three years of supervised release, for assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). Hill commenced his supervision on March 21, 2008. Jurisdiction over the case was transferred to this district on July 14, 2009, and the case was assigned to Judge Nowlin.

Hill did not do well on supervision. He tested positive for the use of amphetamine in June 2008, reported to his supervision appointment on the morning of August 8, 2008, with a .08 blood alcohol level, tested positive for the use of codeine in February 2009, and then was arrested by APD

officers in May 2009 for possession of a controlled substance. The Court took no specific action on these issues at the time, based on Hill commencing participation in mental health and substance abuse treatment. On March 26, 2010, Hill was arrested again, this time for DWI, though in May 2010 the POCS charges were dismissed. Then, in August 2010, Hill testified positive for cocaine, and while the decision on an appropriate sanction was being considered by Probation, on September 8, 2010, Hill was arrested and charged with aggravated assault with a deadly weapon, assault with injury family violence and evading arrest. On November 2, 2010, the state dismissed the evading arrest charge and repled that case as an enhanced felony evading arrest charge. On March 17, 2011, Judge Pitman ordered the issuance of a federal warrant at the request of the Probation Office, based on its petition. Eventually, on April 18, 2011, Hill pled guilty to evading arrest enhanced, the related charges were dismissed, and Hill was sentenced to five years in the TDCJ-ID. On April 20, 2011, Hill pled guilty to the DWI charge and to assault family violence, and was sentenced to 35 days in jail, and 365 days in jail, respectively. On October 11, 2013, Hill was released onto parole by the state authorities into federal custody.

On November 5, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition.

## II.  FINDINGS OF THE COURT

1.   The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by (1) committing three new criminal offenses (evading arrest, DWI, and assault family violence); (2) using controlled substances; and (3) failing to complete required community service hours.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a VI, resulting in an (advisory) guideline range of 21 to 24 months of imprisonment. Having considered

all of the above, and noting the fact that the Defendant has participated in a number of rehabilitation programs in the TDCJ-ID while incarcerated the past two to three years, the undersigned RECOMMENDS that the Defendant be sentenced to 18 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of November, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE